1  Randy R. Haj, Bar No. 288913
2  rrh@paynefears.com
   **PAYNE & FEARS LLP**
3  Attorneys at Law
4  200 N. Pacific Coast Highway, Suite 825
   El Segundo, California 90245
5  Telephone: (310) 689-1750
   Facsimile: (310) 689-1755
6
7  -and-
8
   Seth R. Ogden (*pro hac vice* to be filed)
9  sro@iplawgroup.com
   PATTERSON INTELLECTUAL PROPERTY LAW, P.C.
10 1600 Division Street, Suite 500
   Nashville, TN 37203
11 Telephone: (615) 242-2400
12 Facsimile: (615) 242-2221
13
   Attorneys for Plaintiff
14 BTL Industries, Inc.
15

*PAYNE & FEARS LLP*
*Attorneys at Law*
*200 N. PACIFIC COAST HIGHWAY, SUITE 825*
*EL SEGUNDO, CALIFORNIA 90245*
*(310) 689-1750*

16             **UNITED STATES DISTRICT COURT**

17            **CENTRAL DISTRICT OF CALIFORNIA**

18

19 | BTL INDUSTRIES, INC.,        | CASE NO. _____ |

20 |         Plaintiff,           | **COMPLAINT FOR** |
                                    **PATENT INFRINGEMENT,**
21 |     v.                       | **TRADEMARK INFRINGEMENT,** |
                                    **AND UNFAIR COMPETITION**
22
23 | OC Body Clinic; and DOES 1-10, |
   | inclusive,                   | **DEMAND FOR JURY TRIAL** |
24
25 |         Defendants.          |
26

27        Plaintiff BTL Industries, Inc. ("BTL") files this Complaint for patent

28 infringement, trademark infringement, and unfair competition against OC Body

─────────────────────────────────────
                COMPLAINT

Clinic, and alleges as follows:

## PARTIES

1.    BTL is a Delaware corporation with a principal place of business at 362 Elm Street, Marlborough, MA 01752.

2.    On information and belief, OC Body Clinic is a California entity of unknown type with a principal address of 2315 E. Imperial Hwy., Suite C, Brea, CA 92821.

3.    On information and belief, DOES 1-10, inclusive, are currently unknown individuals or entities that bear responsibility for all or part of the conduct alleged in this complaint and for the causes of action in the complaint.  BTL will amend the complaint to state the true names of the defendants sued under a pseudonym if and when their identities become known.

## JURISDICTION AND VENUE

4.    Subject-matter jurisdiction over BTL's claims arising under the patent laws of the United States, 35 U.S.C. § 100, *et seq.*, and the Lanham Act, 15 U.S.C. §§ 1051 and 1121, exist pursuant to 28 U.S.C. §§ 1331, 1332, and 1338(a)–(b).

5.    Subject-matter jurisdiction for the trademark and unfair competition claims exists with respect to the claims asserted in this Complaint pursuant to 28 U.S.C. §§ 1331 and 1338.

6.    This Court has supplemental jurisdiction over BTL's claims arising under the laws of California, pursuant to 28 U.S.C. § 1367(a), because BTL's state-law claims are so related to BTL's federal law claims that they form part of the same case or controversy and derive from a common nucleus of operative fact.

7.    On information and belief, this Court has personal jurisdiction over OC Body Clinic because it or its employees have committed acts of patent infringement under 35 U.S.C. § 271(a), (b), or (c), and are subject to this Court's jurisdiction under

PAYNE & FEARS LLP
Attorneys at Law
200 N. PACIFIC COAST HIGHWAY, SUITE 825
EL SEGUNDO, CALIFORNIA 90245
(310) 689-1750

1   28 U.S.C. § 1400(a).

2       8.   On information and belief, this Court has personal jurisdiction over OC

3   Body Clinic because it is a California entity and has its principal place of business in

4   this District.

5       9.   Further, the acts complained herein occurred in this District, and, on

6   information and belief, under the control and actions of OC Body Clinic.

7       10.  Similarly, the exercise of personal jurisdiction over Defendants comports

8   with the due process requirements of the United States Constitution because:

9           a.   Defendants have purposefully established "minimum contacts"

10               with the State of California and this District; and

11          b.   the exercise of personal jurisdiction over Defendants will not

12               offend the traditional notions of fair play and substantial justice.

13      11.  Therefore, this Court has specific and general jurisdiction over

14  Defendants.

15      12.  Venue is proper in this District under 28 U.S.C. §§ 1391(b)(1) and 1400

16  at least because OC Body Clinic has its principal place of business in this District,

17  and OC Body Clinic is subject to personal jurisdiction in this District.

18

19                           **BACKGROUND**

20      13.  BTL specializes in the innovation, development, and sale of equipment

21  and treatments for the aesthetics industry in the United States. BTL and its affiliates

22  developed proprietary technology that uses high-intensity, electromagnetic

23  stimulation to tone and strengthen muscles in targeted areas. BTL applied its

24  technology to develop a series of new and innovative FDA-cleared devices and

25  developed protocols for using the technology for aesthetic therapies. BTL denotes its

26  products and services that feature this technology with its HIFEM® brand and other

27  trademarks.

28

COMPLAINT FOR PATENT INFRINGEMENT, TRADEMARK INFRINGEMENT, AND
UNFAIR COMPETITION

PAYNE & FEARS LLP
Attorneys at Law
200 N. PACIFIC COAST HIGHWAY, SUITE 825
EL SEGUNDO, CALIFORNIA 90245
(310) 689-1750

14.   The first such device that BTL developed was the EMSCULPT® device, a standalone, non-invasive, FDA-cleared aesthetic body-contouring device. *See* **Exhibit A**, attached hereto (BTL Press Release).

15.   BTL's patent-protected EMSCULPT® device uses high-intensity electromagnetic energy to induce powerful muscle contractions in a patient. BTL has developed specifically configured EMSCULPT® applicators, tailoring each type of applicator to a specific target area.



16.   The EMSCULPT® device uses innovative and patent-protected protocols for aesthetic therapies. BTL's proprietary protocols create repetitive muscle contractions that result in a non-invasive method of toning muscle and body sculpting. *See* https://bodybybtl.com/solutions/emsculpt-neo/.

PAYNE & FEARS LLP
Attorneys at Law
200 N. PACIFIC COAST HIGHWAY, SUITE 825
EL SEGUNDO, CALIFORNIA 90245
(310) 689-1750

COMPLAINT FOR PATENT INFRINGEMENT, TRADEMARK INFRINGEMENT, AND UNFAIR COMPETITION

17.   In June 2018, BTL received clearance from the FDA for its EMSCULPT® device with large applicators and began to sell the device in the United States for the improvement of abdominal tone, strengthening of the abdominal muscles, development of a firmer abdomen, and for strengthening, toning, and firming of the buttocks and thighs. *See Id.* In October 2018, BTL received FDA clearance for an additional indication for the improvement of muscle tone and firmness and for strengthening muscles in arms. *Id.* In July 2019, BTL received FDA clearance for the EMSCULPT® device with both large and small applicators for the improvement of abdominal tone, strengthening of the abdominal muscles, development of a firmer abdomen, strengthening, toning, and firming of the buttocks, thighs, and calves, as well as improvement of muscle tone and firmness for strengthening muscles in arms. *Id.* The smaller applicators are intended for smaller treatment areas.

18.   BTL markets and distributes its non-invasive aesthetic body-contouring EMSCULPT® device to healthcare professionals.

19.   BTL's EMSCULPT® device created a new market in which it quickly became the innovative industry leader. Before BTL launched the EMSCULPT® device in 2018, no other product used high-intensity, focused, electromagnetic technology to tone and firm muscle for non-invasive, aesthetic body contouring.

20.   The aesthetic industry has recognized BTL's innovation, hailing it as having taken "the aesthetics industry by storm;" praising BTL as being the first to apply high-intensity, focused, electromagnetic energy technology for aesthetics; and lauding the EMSCULPT® device as having "transformed treatment protocols." **Exhibit A**.

21.   BTL's EMSCULPT NEO® device is FDA-cleared and uses high-intensity, electromagnetic energy to induce powerful muscle contractions—unachievable through typical voluntary contractions—to contour an individual's physique. The EMSCULPT NEO® device is currently cleared by the FDA as a non-invasive treatment for the abdomen, buttocks, arms, calves, and thighs. BTL markets

PAYNE & FEARS LLP

Attorneys at Law
200 N. PACIFIC COAST HIGHWAY, SUITE 825
EL SEGUNDO, CALIFORNIA 90245
(310) 689-1750

COMPLAINT FOR PATENT INFRINGEMENT, TRADEMARK INFRINGEMENT, AND
UNFAIR COMPETITION

1    and distributes its EMSCULPT NEO® device to healthcare professionals.

2         22.    The EMSCULPT NEO® device has been a breakthrough development in

3    the aesthetics industry, receiving plaudits from some of the industry's largest

4    companies. For example, the EMSCULPT NEO® device won Dermascope.com's

5    Aesthetician's Choice Award in 2022 and Glamour magazine described the device as

6    "revolutionary." *See* **Exhibit B**, attached hereto (Dermascope and Glamour Awards).

7         23. BTL's market success and superior performance are by-products of its

8    technological innovations over the past several decades. BTL continues to implement

9    these innovations today. BTL has protected its investment into its innovations and its

10   brand with patents and trademarks. BTL lists the patents that cover its products,

11   including     EMSCULPT®     and     EMSCULPT     NEO®,     on     its     website     at

12   www.btlnet.com/patents.

13

14       **A.    The Asserted Patent**

15       24. On November 19, 2019, the United States Patent and Trademark Office

16   (the "USPTO") duly and lawfully issued U.S. Patent No. 10,478,634 (the "'634

17   Patent"), entitled "Aesthetic Method of Biological Structure Treatment by Magnetic

18   Field" to BTL Medical Technologies S.R.O. A true and correct copy of the '634

19   Patent is attached to this Complaint as **Exhibit C**. The '634 Patent was exclusively

20   licensed to BTL, and BTL possesses the exclusive right of recovery for any past,

21   present, or future infringement of the '634 Patent, including equitable relief and

22   damages.

23

24       **B.    BTL's Trademarks**

25       25. BTL uses and licenses registered and unregistered trademarks and trade

26   dress to market its aesthetic equipment and treatments in the United States, including

27   the following federally registered trademarks for EM®, EMSCULPT®, EMSCULPT

28   NEO®, HIFEM®, and the BTL Logo (collectively, the "BTL Trademarks"):

PAYNE & FEARS LLP
Attorneys at Law
200 N. PACIFIC COAST HIGHWAY, SUITE 825
EL SEGUNDO, CALIFORNIA 90245
(310) 689-1750

-6-

- Registration No. 6,206,098 for stylized EM in Class 10 for, among other things, "apparatus and instruments for body toning and body shaping, and apparatus and instruments for the removal of fat" and in Class 44 for, among other things, "beauty salon services;" and

- Registration No. 5,915,636 for EM in Class 10 for, among other things, "apparatus and instruments for body toning and body shaping, and apparatus and instruments for the removal of fat" and in Class 44 for, among other things, "beauty salon services;" and

- Registration No. 5,572,801 for EMSCULPT in Class 10 for, among other services, "medical apparatus and instruments for body toning and body shaping" and "medical apparatus and instruments for the removal of fat;" and

- Registration No. 6,069,279 for EMSCULPT in Class 44 for, among other services, "medical services;" and

- Registration No. 6,373,947 for EMSCULPT NEO in Class 10 for, among other services, "medical apparatus and instruments for body toning and body shaping" and "medical apparatus and instruments for the removal of fat" and in Class 44 for, among other services, "medical services;" and

- Registration No. 5,688,619 for HIFEM in Class 10 for, among other things, "medical and aesthetic apparatus and instruments" and in Class 44 for, among other things, "health care services;" and

- Registration No. 4,750,101 for the BTL Logo in Class 10 for, among other things, "medical devices for body toning and body shaping."

26. BTL has continuously and exclusively used the BTL Trademarks and has never abandoned them. The BTL Trademarks are validly registered in the United States and are in full force and effect. True and correct copies of the trademark registration certificates, obtained from the Trademark Status Document Retrieval database of the United States Patent and Trademark Office, for each of the above trademarks are attached to this Complaint as **Exhibit D**. These registrations constitute *prima facie* evidence of validity of the BTL Trademarks and BTL's exclusive right to use the BTL Trademarks under 15 U.S.C. § 1057(b).

27. The BTL Trademarks, therefore, perform an important source-identifying function for BTL's aesthetic body-contouring devices like the EMSCULPT®, EMSCULPT NEO®, and HIFEM® and associated treatment services. The BTL Trademarks signify to purchasers that the body-contouring devices come from BTL, and the body-contouring services are rendered by BTL's devices and

PAYNE & FEARS LLP
Attorneys at Law
200 N. PACIFIC COAST HIGHWAY, SUITE 825
EL SEGUNDO, CALIFORNIA 90245
(310) 689-1750

administered by BTL-trained and BTL-authorized service providers. The BTL Trademarks are inherently distinctive and are associated with BTL's innovative aesthetic body-contouring devices that have acquired considerable brand loyalty through BTL's sales and promotion, and direct word-of-mouth promotion by consumers. In addition, BTL has expended significant time, money, and resources in developing, marketing, advertising, promotion, and selling its products and services under its trademarks, including the BTL Trademarks, in the United States. The market reputation and consumer goodwill associated with the BTL Trademarks are of significant value to BTL.

## **NATURE OF THIS ACTION**

28.  This is a civil action brought by BTL arising out of Defendants' past and present patent infringement in violation of the patent laws of the United States, 35 U.S.C. § 1 *et seq.*; past and present trademark infringement, unfair competition, false designation of origin, and false advertising under the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a); and common law trademark infringement and unfair competition.

29. On information and belief, Defendants offer body-contouring services using the "EMSlim NEO" device (the "Knockoff Device") and advertise these services using BTL Trademarks and marks confusingly similar thereto. Specifically, Defendants market and sell services they call "EMSlim Neo – HIFEM – Muscle Growth, Tone and Fat Loss – One Area - $125 (PAY IN OFFICE)" and "Body Sculpting + EMSlim NEO (HIFEM) – Upper or Lower Body - $199.00 (PAY IN OFFICE)." *See* https://www.ocbodyclinic.com/.

30. Defendants' use of EM, EMSLIM, EMSLIM NEO, and HIFEM is without BTL's authorization.

31. On information and belief, the Knockoff Device implement the same or substantially the same technology as the '634 Patent.

PAYNE & FEARS LLP
Attorneys at Law
200 N. PACIFIC COAST HIGHWAY, SUITE 825
EL SEGUNDO, CALIFORNIA 90245
(310) 689-1750

32. On information and belief, the Knockoff Device includes or performs each and every limitation of at least one claim of the Asserted Patents, either literally or under the doctrine of equivalents. By using, making, offering to sell, selling, or importing into the United States the Knockoff Device, Defendants have directly infringed, and continues to directly infringe, literally or under the doctrine of equivalents, one or more claims of the Asserted Patents under 35 U.S.C. § 271(a).

33. On information and belief, Defendants have been aware of the Asserted Patents since at least November 2, 2023, when BTL informed Defendants via letter of their infringement of BTL's intellectual property. BTL's "Patent Labeling" webpage also lists the Asserted Patent and identifies it as covering the EMSCULPT® and EMSCULPT NEO® devices.

34. The images below are representative of Defendants' infringing conduct:



COMPLAINT FOR PATENT INFRINGEMENT, TRADEMARK INFRINGEMENT, AND UNFAIR COMPETITION



## Tighten and Tone Your Body:

Strengthen muscles, reduce fat and tighten loose skin with advanced skin-tightening and muscle-building treatments

**EMSlim NEO - HIFEM - Muscle Growth, Tone and Fat Loss - One Area - $125 (PAY IN OFFICE)**
59 minutes

30 mins of EMSlim NEO (HIFEM)

20,000 muscle contractions in just one session with high-intensity focused electromagnetic energy (HIFEM) to build and TONE MUSCLES and radio frequency (RF) to simultaneously MELT FAT
Choose:Abs, thighs, buttocks, arms, calves, love handles, flanks, back, waist, core, hips, chest (Men)



COMPLAINT FOR PATENT INFRINGEMENT, TRADEMARK INFRINGEMENT, AND UNFAIR COMPETITION

PAYNE & FEARS LLP
Attorneys at Law
200 N. PACIFIC COAST HIGHWAY, SUITE 825
EL SEGUNDO, CALIFORNIA 90245
(310) 689-1750



35. On information and belief, Defendants' activities are ongoing despite attorneys for BTL informing Defendants that their activities violate BTL's rights. On information and belief, Defendants have since at least November 2, 2023, advertised body contouring services using the Knockoff Device. On November 2, 2023, attorneys for BTL sent Defendants a letter informing them of BTL's patents and trademarks, and of Defendants' potential infringement of BTL's intellectual property. BTL attempted to follow up in a letter dated January 17, 2024, which was returned "not deliverable as addressed." On February 26, 2024, attorneys for BTL sent Defendants a follow-up letter with copies of the November 2, 2023 letter and January 17, 2024 letter enclosed. Counsel for BTL sent a final letter to defendants via email to OC Body Clinic's company email (info@ocbodyclinic.com) and via FedEx to OC

-11-

PAYNE & FEARS LLP

Attorneys at Law
200 N. PACIFIC COAST HIGHWAY, SUITE 825
EL SEGUNDO, CALIFORNIA 90245
(310) 689-1750

PAYNE & FEARS LLP
Attorneys at Law
200 N. PACIFIC COAST HIGHWAY, SUITE 825
EL SEGUNDO, CALIFORNIA 90245
(310) 689-1750

1 Body Clinic's principal place of business (2315 East imperial Hwy., Suite C, Room
2 120, Brea, CA 92821) on March 3, 2025. True and correct copies of the
3 communications sent to Defendants are attached to this Complaint as **Exhibit E**.

4     36. Defendants have never responded to any communication from BTL's
5 counsel.

6     37. Defendants' advertising includes claims that the Knockoff Device
7 "Decreases fat: Clients see an average of 19-25% decrease in body fat" and can
8 "Increase muscle mass: Clients see an average of 16-20% increase in muscle mass."
9 Additionally, Defendant advertises the Knockoff Device uses "HIFEM (high intensity
10 focused electromagnetic energy)…to eliminate fat and build muscle," with "One 30
11 minute    session…equivalent    to    20,000    muscle    contractions."    *See*,
12 https://www.ocbodyclinic.com/emslimneo.

13     38. On information and belief, Defendants have not performed clinical
14 studies demonstrating these results nor have any clinical studies by any other entity
15 using the Knockoff Device been performed. Rather, these clinical study results are
16 taken from BTL's own clinical studies using its EMSCULPT®, EMSCULPT NEO®,
17 and EMFACE® devices.

18     39. On information and belief, the Knockoff Device is not an authentic BTL
19 devices. On information and belief, Defendants' Knockoff Device uses time-varying
20 magnetic fields that are applied to a patient's skin and held there using a flexible belt
21 attached to an applicator that includes a magnetic field generating coil. On
22 information and belief, the magnetic field generating coil generates a time varying
23 magnetic field and the device applies a magnetic flux of 50 T cm2 to 1,500 T cm2
24 and causes muscle contractions

25     40. Defendants further advertise that the "EMSlim is cleared for use by the
26 FDA." *See*, https://www.ocbodyclinic.com/emslimneo. On information and belief,
27 the Knockoff Device is not FDA approved.

28

-12-

## COUNT I: INFRINGEMENT OF U.S. PATENT NO. 10,478,634

41. BTL repeats and re-alleges paragraphs 1–39 as if fully set forth herein.

42. The '634 Patent is directed towards a method for toning muscles in a patient using time-varying, magnetic fields. Claim 1 of the patent recites:

A method for toning muscles in a patient using time-varying magnetic fields, the method comprising:

placing a first applicator comprising a magnetic field generating coil in contact with a patient's skin or clothing at a body region of the patient, wherein the body region is an abdomen or a buttock;

coupling the first applicator to the patient with an adjustable flexible belt so that the belt holds the first applicator to the patient's skin or clothing;

providing energy to the magnetic field generating coil in order to generate a time-varying magnetic field; and

applying a magnetic fluence of 50 T cm$^2$ to 1,500 T cm$^2$ to the body region, wherein the time-varying magnetic field is applied to the body region with a magnetic flux density sufficient to cause a muscle contraction in the body region.

43. Defendants directly infringe, literally or under the doctrine of equivalents, at least claim 1 of the '634 Patent by making, using, offering to sell services using, or selling the Knockoff Device or services using the Knockoff Device to perform body-contouring services, or importing the Knockoff Device into in the United States.

44. On information and belief, Defendants have and continue to perform the preamble of claim 1 of the '634 Patent, which recites "[a] method for toning muscles in a patient using time-varying magnetic fields." For example, the landing page for the EMSlim Neo, attached hereto as **Exhibit F** (https://www.ocbodyclinic.com/emslimneo), and an Instagram post featuring this device, promoted the device's ability to tone muscle.

PAYNE & FEARS LLP
Attorneys at Law
200 N. PACIFIC COAST HIGHWAY, SUITE 825
EL SEGUNDO, CALIFORNIA 90245
(310) 689-1750

PAYNE & FEARS LLP
Attorneys at Law
200 N. PACIFIC COAST HIGHWAY, SUITE 825
EL SEGUNDO, CALIFORNIA 90245
(310) 689-1750



The landing page also indicated this device uses "HIFEM (high intensity focused electromagnetic energy" in order to "eliminate fat and build muscle." The landing page further claims "One 30 minute session is equivalent to 20,000 muscle contractions." On information and belief, this language indicates that the Knockoff Device tones a patient's muscles using time-varying magnetic fields.

COMPLAINT FOR PATENT INFRINGEMENT, TRADEMARK INFRINGEMENT, AND UNFAIR COMPETITION

PAYNE & FEARS LLP
Attorneys at Law
200 N. PACIFIC COAST HIGHWAY, SUITE 825
EL SEGUNDO, CALIFORNIA 90245
(310) 689-1750

45. On information and belief, a reasonable opportunity for further investigation or discovery will show that the Knockoff Device's magnetic fields are time varying.

46. Defendants have and continue to promote and perform the claimed step of "placing a first applicator comprising a magnetic field generating coil in contact with a patient's skin or clothing at a body region of the patient, wherein the body region is an abdomen or a buttock." On information and belief, the Knockoff Device includes at least one applicator comprising a magnetic field generating coil. On information and belief, Defendants place these applicators on the skin of a patient's abdomen or buttocks or over clothing covering these body regions. On information and belief, advertising and promotional materials depict the Knockoff Device's applicators attached to the skin of patients at various body regions including the abdomen or buttock. For example, on information and belief, the applicators of the Knockoff Devices each house a magnetic field generating coil. The landing page represents that the device comes with applicators that use "HIFEM (high intensity



-15-

focused electromagnetic energy." *See*, https://www.ocbodyclinic.com/emslimneo. The OC Body Clinic home page indicates the device includes at least two applicators, and therefore at least two magnetic field generating coils. *See*, https://www.ocbodyclinic.com/. The home page and Instagram post indicate the applicators of this device are positioned during treatment according to images depicting the applicator(s), and the magnetic field generating coils arranged within, being positioned on a body region of the patient being treated in contact with a patient's skin or clothing. The body regions indicated for treatment on the landing page include the abdomen.



On information and belief, a reasonable opportunity for further investigation or discovery will show that the Knockoff Device's applicators contain magnetic field generating coils.

47.    Defendants have and continue to promote and perform the claimed step of "coupling the first applicator to the patient with an adjustable flexible belt so that the belt holds the first applicator to the patient's skin or clothing." On information

PAYNE & FEARS LLP
Attorneys at Law
200 N. PACIFIC COAST HIGHWAY, SUITE 825
EL SEGUNDO, CALIFORNIA 90245
(310) 689-1750

COMPLAINT FOR PATENT INFRINGEMENT, TRADEMARK INFRINGEMENT, AND UNFAIR COMPETITION

and belief, advertising and promotional materials depict the Knockoff Device's applicators attached to the skin of patients using an adjustable flexible belt at various body regions including the abdomen or buttock. For example, the landing page for this device indicates that the device's applicator is secured using a belt strap. *See*, https://www.ocbodyclinic.com/emslimneo.



48. Defendants have and continue to promote and perform the claimed step of "providing energy to the magnetic field generating coil in order to generate a time-varying magnetic field." On information and belief, a reasonable opportunity for further investigation and discovery will show that the method of operation of the Knockoff Device includes providing a power supply which transmits energy to the applicators, via an energy source and energy storage device, which in turn generates time-varying magnetic fields. On information and belief, the Knockoff Device includes a power supply which transmit energy to the applicators, which in turn generate time-varying magnetic fields.

49. Defendants have and continue to promote and perform the claimed step of "applying a magnetic fluence of 50 T $cm^2$ to 1,500 T $cm^2$ to the body region." On information and belief, a reasonable opportunity for further investigation or discovery will show that the Knockoff Device's magnetic field generating coils are configured to generate a time-varying magnetic field with a magnetic flux density in a range of 0.1 Tesla to 7 Tesla on a surface of the magnetic field generating coils and are of an area sufficient to result in a magnetic fluence in the range of 50 T $cm^2$ to 1,500 T $cm^2$.

50.    Defendants have and continue to promote and perform the claimed step "wherein the time-varying magnetic field is applied to the body region with a magnetic flux density sufficient to cause a muscle contraction in the body region." On information and belief, advertising and promotional materials for the Knockoff Device promote and advertise the Knockoff Device's ability to generate magnetic fields sufficient to cause muscle contractions in the targeted body region. The landing page also represents that the Knockoff Device induces "20,000 muscle contractions" in "One 30 minute session" by using the device's "HIFEM (high intensity focused electromagnetic energy." To induce 20,000 contractions over 30 minutes, the machine must vary the magnetic field over time.

> EMSlim is a non-invasive treatment that uses HIFEM (high intensity focused electromagnetic energy) and Radio frequency to eliminate fat and build muscle. One 30 minute session is equivalent to 20,000 muscle contractions (think 20,000 sit ups, or 20,000 squats)!

51.    Defendants have directly infringed and continue to directly infringe, literally or under the doctrine of equivalents, at least claim 1 of the '634 Patent by making, using, offering to sell, or importing at least the Knockoff Device in the United States. On information and belief, Defendants were aware of the '634 Patent since before the filing of this Complaint. On information and belief, Defendants have known that the Knockoff Device is designed for a use that infringes one or more claims of the '634 Patent, and the Knockoff Device lacks a substantial non-infringing use. On information and belief, Defendants have, and will continue to, intentionally directly infringe with knowledge of the '634 Patent and knowledge that their acts are directly infringing.

52.    Defendants' direct infringement of the '634 Patent has been, and continues to be, willful. On information and belief, Defendants have been aware of the '634 Patent before the filing of this Complaint and have infringed the '634 Patent willfully and deliberately and with knowledge that such conduct violates 35 U.S.C. § 271.

PAYNE & FEARS LLP
Attorneys at Law
200 N. PACIFIC COAST HIGHWAY, SUITE 825
EL SEGUNDO, CALIFORNIA 90245
(310) 689-1750

PAYNE & FEARS LLP
Attorneys at Law
200 N. PACIFIC COAST HIGHWAY, SUITE 825
EL SEGUNDO, CALIFORNIA 90245
(310) 689-1750

53. Defendants' direct infringement of the '634 Patent has damaged, and continues to damage, BTL in an amount yet to be determined, of at least a reasonable royalty and/or lost profits that BTL would have made but for Defendants' infringing acts as provided by 35 U.S.C. § 284.

54. BTL will suffer irreparable harm unless Defendants are enjoined from infringing the '634 Patent.

**COUNT II: TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114**

55. BTL repeats and re-alleges the foregoing paragraphs as if fully set forth herein.

56. BTL owns exclusive rights to the BTL Trademarks in the United States. The United States trademark registrations for the BTL Trademarks are in full force and effect.

57. Defendants, without BTL's permission or consent, have used and continue to use the BTL Trademarks and confusingly similar variations thereof in connection with the advertising, promotion, sale, and offer for sale of body contouring services using the Knockoff Device.

58. On information and belief, Defendants' unauthorized use of the EMSLIM and EMSLIM NEO marks—which are confusingly similar variations of BTL's EMSCULPT® and EMSCULPT NEO® federally registered trademarks—to advertise and promote at least the Knockoff Device, has caused and is likely to cause confusion, mistake, and deception among the public as to the origin and quality of the device, its affiliation, connection, or association with BTL, and the sponsorship or approval by BTL of this device.

59. On information and belief, Defendants' unauthorized use of the HIFEM mark—which is identical to BTL's HIFEM® mark—to advertise and promote at least the Knockoff Device, has caused and is likely to cause confusion, mistake, and deception among the public as to the origin and quality of the device; its affiliation,

-19-

connection, or association with BTL; and the sponsorship or approval by BTL of this device.

60. Defendants have had knowledge of BTL's rights in the BTL Trademarks since before the filing of this Complaint. Under 15 U.S.C. § 1072, Defendants have had constructive knowledge of the BTL's rights in each of the EMSCULPT® trademarks since at least the dates the registration for each of these trademarks first issued to BTL. *See supra* ¶ 24. Under 15 U.S.C. § 1072, Defendants have had constructive knowledge of BTL's rights in the EMSCULPT NEO® trademark since at least the date the registration for this trademark first issued to BTL. Under 15 U.S.C. § 1072, Defendants have had constructive knowledge of BTL's rights in each of the EM® trademarks since at least the dates the registration for each of these trademarks first issued to BTL. Under 15 U.S.C. § 1072, Defendants have had constructive knowledge of BTL's rights in the BTL Logo since at least the date the registration for this trademark first issued to BTL. Under 15 U.S.C. § 1072, Defendants have had constructive knowledge of BTL's rights in the HIFEM® trademark since at least March 5, 2019—the date the registration for the HIFEM® trademark first issued to BTL. Moreover, a straightforward Google search for "BTL" and "trademarks" lists the BTL Trademarks as associated with BTL. https://www.trademarkia.com/company-btl-industries-inc-3618568-page-2-2.

61. The knowing and intentional nature of the acts set forth herein renders this an exceptional case under 15 U.S.C. § 1117(a).

62. Defendants' trademark infringement has damaged, and continues to damage, BTL in an amount yet to be determined, but of at least the profits that Defendants have made as a result of its infringement, plus the cost of this action. Defendants' trademark infringement is the direct and proximate cause of BTL's damages.

PAYNE & FEARS LLP
Attorneys at Law
200 N. PACIFIC COAST HIGHWAY, SUITE 825
EL SEGUNDO, CALIFORNIA 90245
(310) 689-1750

PAYNE & FEARS LLP

Attorneys at Law
200 N. PACIFIC COAST HIGHWAY, SUITE 825
EL SEGUNDO, CALIFORNIA 90245
(310) 689-1750

63. BTL is entitled to an injunction restraining Defendants, their officers, agents, and employees, and all persons acting in concert with Defendants, from engaging in any further such acts in violation of federal trademark law.

## COUNT III: FEDERAL UNFAIR COMPETITION, FALSE DESIGNATION OF ORIGIN, AND FALSE ADVERTISING UNDER 15 U.S.C. § 1125

64. BTL repeats and re-alleges the foregoing paragraphs as if fully set forth herein.

65. Defendants' unauthorized, intentional, and willful use of the BTL Trademarks to promote, market, offer for sale, and sell the Knockoff Device has and is likely to confuse, mislead, or deceive as to the origin and quality of these devices, their association with BTL and BTL's HIFEM®, EMSCULPT®, and EMSCULPT NEO® devices, and the sponsorship or approval by BTL of these devices.

66. Defendants' unauthorized, intentional, and willful use of the BTL Trademarks to promote, market, offer for sale, and sell the Knockoff Device misrepresents the nature, characteristics, qualities, and geographic origin of these devices.

67. Defendants' actions constitute a willful violation of 15 U.S.C. § 1125.

68. Defendants' actions described above have injured and, if permitted to continue, will continue to harm BTL's business and the goodwill associated with its brand, as well as BTL's reputation for providing high-quality and safe body-contouring aesthetic devices and procedures subject to strict quality control standards that have been cleared by the FDA.

69. BTL has no adequate remedy at law, and if Defendants' actions are not enjoined, BTL will continue to suffer irreparable harm to its reputation and the goodwill of the BTL brand.

## COUNT IV: COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

70. BTL repeats and re-alleges the foregoing paragraphs as if fully set forth herein.

71. Defendants have without authorization, intentionally, willfully and maliciously used the BTL Trademarks, and confusingly similar variations of these trademarks to promote, market, offer for sale, and sell their goods and services.

72. Defendants' actions have caused and are likely to cause consumer confusion for reasons stated above.

73. Defendants' actions have caused and will continue to cause BTL to sustain actual damages and lost profits in this District.

74. BTL has no adequate remedy at law and will continue to suffer irreparable harm unless Defendant are enjoined.

75. Because of Defendants' unlawful conduct as alleged above, BTL has been substantially injured and is entitled to damages and profits attributable to the unlawful conduct, which are presently indeterminate, and the costs of this action.

## COUNT V: FEDERAL TRADEMARK COUNTERFEITING UNDER 15 U.S.C. § 1114

76. BTL repeats and re-alleges the foregoing paragraphs as if fully set forth herein.

77. Defendants use marks identical to BTL's HIFEM® federally registered trademark.

78. BTL has not authorized Defendants' use of the BTL Trademarks to advertise and promote the Knockoff Device.

79. Defendants' unauthorized use of the BTL Trademarks is likely to (a) cause the public and consumers to believe that Defendants' Knockoff Device is authorized by and/or affiliated with BTL; and (b) result in Defendants unfairly

PAYNE & FEARS LLP
Attorneys at Law
200 N. PACIFIC COAST HIGHWAY, SUITE 825
EL SEGUNDO, CALIFORNIA 90245
(310) 689-1750

PAYNE & FEARS LLP
Attorneys at Law
200 N. PACIFIC COAST HIGHWAY, SUITE 825
EL SEGUNDO, CALIFORNIA 90245
(310) 689-1750

benefitting from the reputation of BTL and the BTL Trademarks to the substantial and irreparable injury of consumers, BTL, the BTL Trademarks, and the substantial goodwill represented thereby.

80.     Defendants' acts as set forth herein constitute trademark counterfeiting in violation of 15 U.S.C. § 1117(b)(1) and reflect Defendants' intent to exploit the goodwill and strong brand recognition associated with the BTL Trademarks.

## **PRAYER FOR RELIEF**

WHEREFORE BTL requests entry of judgment against Defendants as follows:

1.     A judgment that Defendant has infringed one or more claims of U.S. Patent No. 10,478,634 in violation of 35 U.S.C. § 271(a)-(c);

2.     An award of damages not less than $125,000 for infringement of the '634 Patent, with said damages to be trebled because of the intentional, willful, and malicious nature of Defendants' infringement, as provided by 35 U.S.C. § 284;

3.     A judgment that Defendants have willfully and maliciously infringed one or more claims of the '634 Patent;

4.     A determination that this case is "exceptional" under 35 U.S.C. § 285 and an award of BTL's reasonable attorneys' fees;

5.     An order permanently enjoining Defendants, their officers, directors, employees, agents, and all persons acting in concert with them, from infringing the '634 Patent;

6.     A judgment that Defendants have violated the Lanham Act, 15 U.S.C. § 1114, by committing acts of trademark infringement;

8.     A judgment that the EMSLIM and EMSLIM NEO marks are confusingly similar to BTL's EMSCULPT and EMSCULPT NEO trademarks and

-23-

that Defendants' uses of those marks, as alleged in this Complaint, infringes BTL's EMSCULPT and EMSCULPT NEO trademarks;

9.    A judgment that Defendants' use of the HIFEM as alleged in this Complaint, infringes the BTL Trademarks;

10.   A judgment that Defendants have violated the Lanham Act, 15 U.S.C. § 1125(a), by committing acts of federal unfair competition, false designation of origin, and false advertising;

11.   An award of damages for Defendants' infringement of the BTL Trademarks, including Defendants' profits, any damages sustained by BTL, and the costs of the action as provided by 15 U.S.C. § 1117(a), with said damages to be trebled because of the intentional, willful, and malicious nature of Defendants' infringement, as provided by 15 U.S.C. § 1117(b);

12.   A judgment that this case is "exceptional" under 15 U.S.C. § 1117(a) and an award of reasonable attorneys' fees;

13.   A judgement that Defendants' conduct in violating BTL Trademarks is willful and malicious;

14.   An award of statutory damages for Defendants' infringement of the BTL Trademarks in an amount of $200,000 per counterfeit mark, that amount to be heightened to $2,000,000 per counterfeit mark in accordance with 15 U.S.C. § 1117(c)(2) for Defendants' willfulness;

15.   An award of damages against Defendants as a result of their wrongful acts against BTL in an amount to be proved at trial;

16.   An award of any and all of Defendants' profits arising from the foregoing acts;

PAYNE & FEARS LLP

Attorneys at Law
200 N. PACIFIC COAST HIGHWAY, SUITE 825
EL SEGUNDO, CALIFORNIA 90245
(310) 689-1750

17. An award of pre-and post-judgment interest of any monetary damages at the highest rate allowed by law;

18. Permanent injunctive relief enjoining Defendants from:

a. using the BTL Trademarks or any confusingly similar marks, in any manner in connection with the promotion, marketing, advertising, offering for sale, or sale of any good or service that is not a good or service offered by a genuine BTL product, or is not authorized by BTL to be offered in connection with the BTL trademarks;

b. passing off, inducing, or enabling others to sell or pass off any good or service as a good or service offered by a genuine BTL product, or any other good or service offered by BTL, that is not BTL's or not offered under the authorization, control, or supervision of BTL and approved by BTL for sale under the BTL Trademarks;

c. committing any acts calculated to cause consumers to believe that Defendants' goods or services are those sold under the authorization, control or supervision of BTL, or are sponsored by, approved by, or otherwise connected with BTL;

d. further infringing BTL's Trademarks and damaging BTL's goodwill.

19. An award of BTL's costs and expenses in this action; and

///

///

///

COMPLAINT FOR PATENT INFRINGEMENT, TRADEMARK INFRINGEMENT, AND UNFAIR COMPETITION

PAYNE & FEARS LLP
Attorneys at Law
200 N. PACIFIC COAST HIGHWAY, SUITE 825
EL SEGUNDO, CALIFORNIA 90245
(310) 689-1750

1    20.    For such other relief as the Court may deem just and proper.

DATED: May 22, 2025                    PAYNE & FEARS LLP


                                       */s/ Randy R. Haj*
                                       Randy R. Haj, Bar No. 288913
                                       rrh@paynefears.com
                                       **PAYNE & FEARS LLP**
                                       Attorneys at Law
                                       200 N. Pacific Coast Highway, Suite 825
                                       El Segundo, California  90245
                                       Telephone: (310) 689-1750
                                       Facsimile:  (310) 689-1755

                                       – and –

                                       Seth R. Ogden (*pro hac vice* to be filed)
                                       sro@iplawgroup.com
                                       PATTERSON INTELLECTUAL
                                       PROPERTY LAW, P.C.
                                       1600 Division Street, Suite 500
                                       Nashville, TN 37203
                                       Telephone: (615) 242-2400
                                       Facsimile:  (615) 242-2221

                                       Attorneys for Plaintiff
                                       BTL Industries, Inc.

COMPLAINT FOR PATENT INFRINGEMENT, TRADEMARK INFRINGEMENT, AND UNFAIR COMPETITION

## JURY DEMAND

Under Rule 38 of the Federal Rules of Civil Procedure, Plaintiff BTL Industries, Inc. respectfully demands a trial by jury of any issues triable of right by a jury.

DATED:  May 22, 2025          PAYNE & FEARS LLP


_Randy R. Haj_

Randy R. Haj, Bar No. 288913
rrh@paynefears.com
**PAYNE & FEARS LLP**
Attorneys at Law
200 N. Pacific Coast Highway, Suite 825
El Segundo, California  90245
Telephone: (310) 689-1750
Facsimile:  (310) 689-1755

– and –

Seth R. Ogden (_pro hac vice_ to be filed)
sro@iplawgroup.com
PATTERSON INTELLECTUAL
PROPERTY LAW, P.C.
1600 Division Street, Suite 500
Nashville, TN 37203
Telephone: (615) 242-2400
Facsimile: (615) 242-2221

Attorneys for Plaintiff
BTL Industries, Inc.

4910-9419-4757.1

COMPLAINT FOR PATENT INFRINGEMENT, TRADEMARK INFRINGEMENT, AND UNFAIR COMPETITION